UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE D. WILLIAMS, | No. 2:15-cv-2385 KJM DB P |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| FELICIA PONCE, | |
| Respondent. | |

Petitioner is a former federal prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner challenges the Board of Prisons' refusal to give him credit for time spent in a state facility prior to trial. According to the Federal Bureau of Prisons' Inmate Locator[1], petitioner was released from prison on February 21, 2017. Petitioner did not so inform the court. Nor has he filed a change of address.

Under Article III of the U.S. Constitution, this court does not have jurisdiction to consider an action "if there is no longer a live case or controversy" before it. See Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987). Where, as in this case, a former prisoner is challenging only his term of incarceration, the actions challenged can no longer be remedied in habeas. Id. It appears then that this action is moot and this court lacks jurisdiction to consider the petition. Petitioner

---

[1] The Inmate Locator can be found at https://www.bop.gov/inmateloc/.

1

may proceed with this action only if he can show he may suffer continuing collateral consequences as a result of the Board of Prisons' action or if he can establish an exception to the mootness doctrine. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[O]nce the convict's sentence has expired ... some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained.").

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, petitioner shall show cause why this action should not be dismissed as moot.

Dated: May 31, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/will2385.osc